# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EASTERN STEEL CONTRACTORS, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>　　　　Defendant. | No. 4:20-CV-00279<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### JUNE 18, 2020

**I.  BACKGROUND**

The Court grants the Renewed Motion to Dismiss of Defendant International Fidelity Insurance Company ("IFIC").

**II.  DISCUSSION**

　**A.  Motion to Dismiss Standards**

　　**1.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"If a party asserts several objections and defenses to a complaint, including a F.R.C.P. 12(b)(1) defense for lack of subject matter jurisdiction, "the cases are legion stating that the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction,

the accompanying defenses and objections become moot and do not need to be determined by the judge."[1]

Additionally, "[t]he procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different" from the familiar procedure under Rule 12(b)(6).[2] "At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings."  "The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true." "The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56."  "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction (its very power to hear the case) there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself

---

[1]  *Scanlin v. Soldiers & Sailors Mem'l Hosp.*, No. 4:06–CV–01915, 2007 WL 141014, at *2 (M.D.Pa. Jan.17, 2007) (McClure, J.), *citing* 5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1350 at 154-55 (2004); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).
[2]  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

the merits of jurisdictional claims."  "Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."[3]

### 2. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted."  A motion to dismiss "tests the legal sufficiency of a pleading"[4] and "streamlines litigation by dispensing with needless discovery and factfinding."[5]  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[6]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[7]

Following the Roberts Court's "civil procedure revival,"[8] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[9] and *Ashcroft v. Iqbal*[10] tightened the standard that district courts must apply to 12(b)(6) motions.  These

---

[3]  *Id.*
[4]  *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[5]  *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).
[6]  *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[7]  *Neitzke*, 490 U.S. at 327.
[8]  Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 REV. LITIG. 313, 316, 319-20 (2012).
[9]  550 U.S. 544 (2007).
[10] 556 U.S. 662, 678 (2009).

cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[11]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[13] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[14]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] No matter the context, however, "[w]here a complaint pleads facts that are 'merely

---

[11] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[12] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[13] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[14] *Twombly*, 550 U.S. at 556.
[15] *Iqbal*, 556 U.S. at 679.

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[16]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[17]  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[18]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[20]

---

[16] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[17] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[18] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[19] *Iqbal*, 556 U.S. at 678.
[20] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."[21] Typically, to consider materials outside the complaint, a motion to dismiss must be converted to a motion for summary judgment.[22] However, "[c]onsideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion."[23] It is permissible to consider full text of documents partially quoted in complaint.[24] It is also permissible to consider documents relied upon by plaintiff in drafting the complaint and integral to the complaint.[25] "However, before materials outside the record may become the basis for a dismissal, several conditions must be met."[26] "For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."[27] It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.[28] In this matter, I find that these conditions have been met, and will consequently consider IFIC's attachments.

---

[21] *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).
[22] *See id.* and Fed. R. Civ. P. 12(d).
[23] *Faulkner,* 463 F.3d at 134.
[24] *San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808-09 (2d Cir.1996).
[25] *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir.1991).
[26] *Faulkner*, 463 F.3d at 134.
[27] *Id. See also, e.g., Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir. 2001).
[28] *Faulkner*, 463 F.3d at 134.

### B.     Facts Alleged in the Amended Complaint

The facts alleged in the Amended Complaint, which I must accept as true for the purposes of this motion, are as follows.

### 1.     The Construction Project

The Pennsylvania State University contracted with Ionadi Corporation as a prime contractor for concrete construction on a complex of buildings.[29]  In connection, IFIC entered into a contract surety agreement with Ionadi.  The accompanying payment bond, which IFIC issued to Ionadi, identified IFIC as "Surety," Ionadi as "Contractor" and as "Principal," and the University "as the project Owner."[30]

Ionadi then entered into an agreement with Eastern Steel.  Eastern Steel was to provide handling, labor, and tools for the construction project.[31]  This agreement provided for binding arbitration before the American Arbitration Agreement ("AAA") in the event of a dispute under the agreement.  It also provided that Eastern Steel "shall be considered a direct obligee of [IFIC's] bond assuring this contract."[32]

---

[29]   Doc. 8 at ¶ 7.
[30]   Doc. 8 at ¶ 8.
[31]   Doc. 8 at ¶ 9.
[32]   Doc. 8 at ¶ 10.

### 2. The Arbitration

After Ionadi defaulted on its payments, Eastern Steel filed an arbitration demand with the AAA.[33] During the AAA pre-hearing process, in which Ionadi (but not IFIC) participated, Eastern Steel contacted IFIC and requested that it comply with its surety obligations to make payment or in the alternative that it participate in the arbitration proceeding. IFIC ignored Eastern Steel's requests, despite the fact that IFIC had the right of attorney in fact.[34] IFIC also did not participate in what became a joint arbitration.[35]

The AAA arbitrator issued an award of $433,489.42 in Eastern Steel's favor.[36] A Pennsylvania state court then confirmed and liquidated the award into a judgment.[37]

### 3. The State Court Case

After IFIC refused to pay the judgment, Eastern Steel filed suit in the Court of Common Pleas of Centre County.[38] In that action, Eastern Steel alleged, *inter alia*, that IFIC should be bound by, and required to pay, the award that the arbitrator had rendered against Ionadi.[39]

---

[33] Doc. 8 at ¶¶ 13-15.
[34] Doc. 8 at ¶¶ 17-18.
[35] Doc. 8 at ¶¶ 19-22. Eastern Steel's dispute was consolidated with another, related dispute.
[36] Doc. 8 at ¶ 29.
[37] Doc. 8 at ¶ 30.
[38] Doc. 8 at ¶ 33.
[39] Doc. 5-2 at ¶¶ 78-83.

The Honorable Thomas K. Kistler ruled on two occasions "that Eastern [Steel] would be allowed to utilize the arbitration award as at least prima facie evidence against IFIC." But then, "two days before trial was to commence, Judge Kistler ruled that Eastern Steel would be precluded from using the Award or judgment as evidence at trial."[40] After a mistrial, the state court case proceeded and "a slew of motions were filed" "including Eastern Steel's Motions for Reconsideration of Judge Kistler's order."[41]

The Honorable Brian Marshall succeeded Judge Kistler, who had then retired, on the state court case.[42] In Eastern Steel's most recent Motion for Reconsideration, Judge Marshall declined to exercise his discretion to reconsider Judge Kistler's ruling.[43] Eastern Steel then filed the instant action in federal court.[44] Judge Marshall refused to stay the state court case pending the Court's ruling in this case.[45]

In the state court case, Eastern Steel made other unsuccessful attempts to enforce the judgment beyond the above procedural history.[46] "A jury trial began on February 24, 2020, and on February 26, 2020, the jury returned a verdict in the

---

[40] Doc. 8 at ¶¶ 35-36.
[41] Doc. 8 at ¶ 39.
[42] Doc. 8 at ¶ 40.
[43] Doc. 8 at ¶¶ 40-41.
[44] Doc. 8 at ¶ 42.
[45] Doc. 8 at ¶ 43.
[46] *See* Docs. 11-1 at 3-5, 11-4 at 4-5, 11-5.

amount of $253,788.06 in favor of" Eastern Steel.[47] "Plaintiff and Defendant in the State Case have filed post-trial motions, and, to date, judgment has not been entered."[48]

### C. Analysis

Eastern Steel's lone count is for a declaratory judgment under 28 U.S.C. § 2201, the Declaratory Judgment Act.[49] The Court will exercise its discretion[50] and decline jurisdiction.

In *Wilton v. Seven Falls Co.*, the United States Supreme Court held that abstention from considering a Declaratory Judgment Act case is justified when "parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court."[51] Here, as the above facts make clear, such "parallel proceedings" exist.[52]

Eastern Steel throws up smokescreens in order to evade *Wilton* abstention. The Federal Arbitration Act; federal question jurisdiction; a potential live issue of federal law: all are red herrings.

---

[47] Doc. 8 at ¶ 44.
[48] Doc. 8 at ¶ 45.
[49] *See* Doc. 8 at ¶¶ 53-58.
[50] *See State Auto Ins. Companies v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000), *as amended* (Jan. 30, 2001).
[51] 515 U.S. 277, 290 (1995).
[52] *See Star Ins. Co. v. Treible's Wrecker Serv., Inc.*, No. 3:12-CV-00047, 2013 WL 5603578, at *4 (M.D. Pa. Oct. 11, 2013) ("These standards do not require that the state and federal litigation be directly parallel or involve exactly the same parties. Rather, it can be sufficient that the state litigation provides the opportunity for resolution of the same issues.").

The Federal Arbitration Act does not independently create federal question jurisdiction.[53] Here, the Court exercises diversity jurisdiction.[54] And despite Eastern Steel's many invocations of the phrase "arbitration award," here, a Pennsylvania state court has already confirmed and liquidated the award in question into a judgment.[55] Therefore, the issue is whether a judgment that the state court entered against a principal (Eastern Steel) binds the principal's surety (IFIC). This is an issue of Pennsylvania law.[56] And the judges in the state court case have already, in the Court's view, ventilated and analyzed this issue.[57] This compels the Court to follow *Wilton* and abstain from exercising its jurisdiction.[58]

## III.  CONCLUSION

IFIC's Renewed Motion to Dismiss is granted. Leave to amend is denied. "Among the grounds that could justify a denial of leave to amend are undue delay,

---

[53] *Stone v. Bear, Stearns & Co.*, 872 F. Supp. 2d 435, 443 (E.D. Pa. 2012), *judgment entered*, No. 2:11-CV-5118, 2012 WL 1946970 (E.D. Pa. May 29, 2012), *and aff'd*, 538 F. App'x 169 (3d Cir. 2013); *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 128 n.5 (3d Cir. 2005).

[54] *See* Doc. 8 at ¶ 5.

[55] *See* Doc. 8 at ¶ 30.

[56] *See Com. to Use of Ulshofer v. Turner*, 17 A.2d 352, 354 (Pa. 1941); *Sch. Dist. of City of Carbondale v. Fid. & Deposit Co. of Md.*, 21 A.2d 33, 34 (Pa. 1941); *McIntyre Square Assocs. v. Evans*, 827 A.2d 446, 458 (Pa. Super. 2003).

[57] *See* Docs. 11-1 at 3-5, 11-4 at 4-5, 11-5.

[58] Eastern Steel's main cases are distinguishable. They both involve actions brought under the Miller Act, a federal statute that obligates the obtaining of a bond to protect subcontractors. *See U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 407 (W.D. Pa. 2006); *A.A. Bellucci Const. Co. v. U.S. Sur. Co.*, No. 4:09-CV-1755, 2010 WL 456775, at *1 (M.D. Pa. Feb. 2, 2010). As such, both have a distinct federal question. Not so here.

bad faith, dilatory motive, prejudice, and futility."[59]  "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.[60]  Although there is a "liberal pleading philosophy of the federal rules" a court will dismiss the amended complaint in its entirety with prejudice because another opportunity for amendment would be futile.[61]  "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.[62]

    An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[59] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993).
[60] *Burlington*, at 1434.  In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*; 3 MOORE'S FEDERAL PRACTICE, *supra* § 15.15[3], at 15–47 to –48 (3d ed.2000).
[61] *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).
[62] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).